Filed 5/12/16  P. v. Wildee CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE, | C079711 |
| Plaintiff and Respondent, | (Super. Ct. No. 04F10364) |
| v. |  |
| BERNARD WILDEE, |  |
| Defendant and Appellant. |  |

In this appeal from the denial of a Penal Code section 1170.126 (Proposition 36)[1] petition for resentencing, appointed counsel for defendant Bernard Wildee has filed an opening brief that sets forth the facts of the case and asks that we review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979)

_____

[1] Undesignated statutory references are to the Penal Code.

1

25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

BACKGROUND

In the early morning hours of November 25, 2004, Sacramento police detained defendant and his cousin LeAndrew Smith.  The officers observed the two men sitting in a maroon Mustang on G Parkway.  The car was parked about a quarter of a mile from where a residential burglary had taken place a few minutes before.  Defendant initially gave the officers his Swahili name and denied he was on probation or parole.  When questioned further by the police, defendant stated he had a "baby gun" in the car, provided his true name, and admitted he was on parole.  The officers found a loaded .38-caliber revolver under the front passenger seat.  Smith was in the driver's seat.

A jury convicted defendant of felon in possession of a firearm (former § 12021, subd. (a)(1)), unlawful possession of a concealed firearm (former § 12025, subd. (b)(6)), and unlawful possession of a loaded firearm (former § 12031, subd. (a)(2)(F)) and sustained two strikes (§§ 667, subd. (e)(2), 1170.12) and a prior prison term (§ 667.5, subd. (b)).  The trial court sentenced defendant to 25 years to life plus one year.  This court modified the award of presentence conduct credits, and affirmed the modified judgment in an unpublished opinion.

Defendant subsequently filed a section 1170.126 petition for resentencing.  The trial court initially denied the petition, but granted defendant's motion for reconsideration.  On reconsideration, the court denied the petition again, finding defendant was ineligible for resentencing because he was armed during the commission of his offenses.

DISCUSSION

Whether the protections afforded by *Wende* and the United States Supreme Court decision in *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] apply to an appeal from an order denying a petition brought pursuant to section 1170.126 remains an open

question.  Our Supreme Court has not spoken.  The *Anders/Wende* procedures address appointed counsel's representation of an indigent criminal defendant in the first appeal as a matter of right and courts have been loath to expand their application to other proceedings or appeals.  (See *Pennsylvania v. Finley* (1987) 481 U.S. 551 [95 L.Ed.2d 539]; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529; *In re Sade C.* (1996) 13 Cal.4th 952; *People v. Dobson* (2008) 161 Cal.App.4th 1422; *People v. Taylor* (2008) 160 Cal.App.4th 304; *People v. Thurman* (2007) 157 Cal.App.4th 36; *Glen C. v. Superior Court* (2000) 78 Cal.App.4th 570.)  Nonetheless, in the absence of Supreme Court authority to the contrary, we believe it prudent to adhere to *Wende* in the present case, where counsel has already undertaken to comply with *Wende* requirements and defendant has filed a supplemental brief.

In a supplemental brief, defendant contends the trial court erred in finding him ineligible for resentencing because he was not armed with a firearm during the commission of his crimes.  He also contests the imposition of a three strikes sentence when he committed his two strike offenses before the age of 23.

Section 1170.126 allows a person presently serving a three strikes sentence for a felony that is neither serious nor violent to petition for resentencing as a second strike offender.  (§ 1170.126.)  As relevant to this case, a defendant is ineligible for resentencing if he was armed with a firearm during the commission of the offenses.  (*People v. Hicks* (2014) 231 Cal.App.4th 275, 282; § 1170.126, subd. (e).)  A person is armed if he or she has the weapon available for offensive or defensive use.  (*People v. Bland* (1995) 10 Cal.4th 991, 1006.)  So long as the gun is available for use at any time during the commission of the felony, then defendant is armed.  (*Hicks,* at p. 283.)

Substantial evidence supports the trial court's finding that defendant was armed.  (See *People v. Guilford* (2014) 228 Cal.App.4th 651, 661 [section 1170.126 factual basis of eligibility finding reviewed for substantial evidence].)  Defendant admitted that the gun was his, it was found in the passenger seat of the Mustang that he was in, and Smith

3

was the driver. The gun was therefore available for offensive or defensive use by defendant, rendering him armed in the commission of all three offenses and therefore ineligible for resentencing.

Since the trial court correctly found that defendant did not qualify for resentencing, we do not consider whether the three strikes sentence was proper in light of defendant's relative youth when he committed the two strike offenses.

Having undertaken an examination of the record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


/s/
Blease, Acting P. J.


We concur:


/s/
Duarte, J.


/s/
Hoch, J.

4